## Fraim, et al. v. Fourth and First National Bank.

(Decided May 19, 1925.)

### Appeal from Monroe Circuit Court.

Interpleader—Claim of Third Parties to Indebtedness Represented by Notes Sued on by Bona Fide Purchaser Held Not Ground for Postponing Recovery for Plaintiff.—Where plaintiff was a bona fide purchaser of notes attached to petition, which makers admitted executing and delivering, the fact that third parties asserted right to recover on the indebtedness represented by the notes held no reason for postponing judgment in favor of plaintiff to require third parties to assert their claim.

HARPER & DENTON for appellants.

GARDNER, OLIVER & DIXON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Fourth and First National Bank brought this action against W. W. Fraim, J. M. Fraim and the Bank of Fountain Run to recover on three notes, one for $550.35, one for $533.92, and the other for $554.65, each dated August 21, 1921, and payable six months from date. After setting out the execution and delivery of the notes by W. W. Fraim and J. M. Fraim to the Bank of Fountain Run, the petition also alleged that the same defendants executed and delivered a note to the said bank in the sum of $1,786.92, due and payable in one year with interest from maturity; that before maturity for a valuable consideration and in due course the said bank assigned, transferred and delivered the said note to H. L. Grooms, C. T. Bray, J. T. Hughes and Ed. Grooms; that the three first notes mentioned were endorsed by the bank of Fountain Run and by reason of said endorsement and delivery of said notes to the said Grooms, etc., the said Bank of Fountain Run became and remained liable thereon as surety or endorser; that thereafter on the —

day of ——, 19—, the said H. L. Grooms, C. T. Bray, J. T. Hughes and Ed Grooms, for a valuable consideration and in due course, assigned and transferred said notes to plaintiff as a collateral pledge to another note which said defendants owed plaintiff, and which had not been paid; that plaintiff thereby became the owner of said notes and entitled to the proceeds thereof; that said notes are filed herewith as part hereof numbered 4, 5, 6 and 7, and that each of them was due and unpaid.

To the petition W. W. Fraim and J. M. Fraim filed the following answer, counterclaim and cross-petition:

"Comes W. W. Fraim and J. M. Fraim and for their joint and separate answer herein, and by way of counterclaim and cross-petition against their co-defendant, Bank of Fountain Run, and say that they did execute and deliver to the Bank of Fountain Run three notes aggregating about $1,600.00, which notes were from time to time renewed, but in all said three notes constituted the whole indebtedness to said Fountain Run Bank.

"They deny that they owe the plaintiff herein three notes each of which are for the amounts of $550.35, $533.92, and $554.65, as alleged in its petition, denying that in addition to the amount of said notes they owe the further sum of $1,786.92, or any other sum whatever, or that it is entitled to recover judgment for any sum against these defendants.

"These plaintiffs say that the Bank of Fountain Run, or its special commissioner, now holds notes against these answering defendants for the same amount as the notes sued on herein by the plaintiff, and that said bank is by its commissioner demanding settlement on these notes which represent the same indebtedness sued on herein, except the claim of $1,786.92, which defendants deny owing to either this plaintiff or the Bank of Fountain Run.

"They deny that the amount represented by the said three notes represents the true and correct amount of indebtedness, totaling approximately $1,600.00. They say that the Bank of Fountain Run, and its special commissioner is a necessary party to this action by reason of the claims being made and should be required to set up its claim and ascertain which of these parties are entitled to recover this indebtedness.

"Plaintiffs admit owing the amount indicated herein, but deny they owe both the plaintiff and the Bank of Fountain Run.

"Wherefore, the defendants pray that summons issue herein to the Bank of Fountain Run, to the special deputy banking commissioner in charge of said bank, and require it to make proof of its claim on the notes mentioned herein, and that the court ascertain which of these parties are entitled to recover herein, and that their interest be fully protected."

A demurrer was sustained to the answer, counter-claim and cross-petition, and defendants, W. W. Fraim and J. M. Fraim, having declined to plead further, judgment was rendered in favor of the bank for the amount of the three notes, together with interest and costs, but no judgment was rendered on the note for $1,786.92.

It is insisted that the facts alleged in the answer, counterclaim and cross-petition are sufficient to show that both appellee and the Bank of Fountain Run were claiming the right to recover on the same indebtedness, and that, before rendering judgment in favor of appellee, the court should have required the Bank of Fountain Run or the special deputy banking commissioner to assert its claim in the action so that appellants would not be required to pay the indebtedness twice. There might be some merit in this contention if the pleading had denied the facts stated in the petition and had alleged affirmatively that the notes sued on were obtained by fraud of which appellee had notice, but no such case is presented. On the contrary, the facts alleged in the petition are sufficient to show that appellee is an innocent purchaser for value, and not only are the notes sued on filed with the petition, but their execution and delivery is admitted by appellants. With the pleadings in this shape there can be no doubt of appellee's right to recover, and the mere fact that the Bank of Fountain Run or the deputy banking commissioner is asserting the right to recover on the indebtedness represented by the notes, affords no reason why judgment in favor of appellee should be postponed until appellants' liability to the Bank of Fountain Run is determined. It follows that the answer, counterclaim and cross-petition presented no defense to the action and that the demurrer thereto was properly sustained.

Judgment affirmed.